ARKANSAS NATIONAL BANK *v.* STUCKEY.

Opinion delivered March 12, 1917.

1. APPEAL AND ERROR—REVERSAL AND REMAND OF CAUSE WITH
   DIRECTIONS.—Where a cause is appealed from the chancery court,
   the decree of the chancellor carrying a lien in favor of the appellee
   and the cause is remanded with directions, the lien of the former
   judgment is not displaced nor held in abeyance until the decree
   upon the mandate is entered.
2. APPEAL AND ERROR—REVERSAL AND REMAND—NEW ISSUES.—Where
   a decree is reversed and remanded with directions, the lower court
   cannot re-open the case for the consideration of a question which
   was, or should have been, considered on the first appeal.

Appeal from Washington Chancery Court; *Hugh A. Dinsmore*, Special Chancellor; reversed.

*O. P. McDonald,* for appellant.

1. The chancellor erred in declining to spread of record the appellant's judgment entry, and in reversing the whole case and destroying appellant's lien. 121 Ark. 302. This case on the first appeal settled the issues between appellant and Stuckey. 29 Ark. 83; 61 *Id.* 189; 67 *Id.* 339; 105 *Id.* 205.

The case 54 Ark. 239, does not apply, but 100 Ark. 384, 394-5, is in point. 78 Ark. 208; 38 *Id.* 394. The question now is, what did this court intend to do in handing down its former opinion, and what can and should it do now? 148 U. S. 228-9, 230-1, 238, 240-1; 160 *Id.* 247; 148 *Id.* 247; 195 *Id.* 605.

This court will construe its own mandate and opinion. 94 Ark. 333.

2. The court erred in allowing the $113.40 stenographer's fees. 51 Ark. 380, 384; 121 Ark. 302. It was error to re-open the case and determine new questions. 94 Ark. 330; 79 *Id.* 194; 60 *Id.* 50; 21 *Id.* 197. The decree ordered by the mandate of this court should be entered and appellant's lien be preserved and enforced as requested below.

*E. P. Watson* and *John Mayes,* for appellee McIlroy Banking Company.

1.   There is no error in the decree.   The chancellor did not render a decree that is in violation of the mandate and opinion of this court on the former appeal.  It is plain and unambiguous, and the chancellor did as this court directed.   139 Cal. 298; 223 Ill. 454; 114 Am. St. 336; 86 Pac. 15; 54 Ark. 239; 47 *Id.* 301; 86 *Id.* 90; 11 Enc. Pl. & Pr. 1076-7.

In chancery cases, this court tries the case *de novo* and renders such judgment as it sees proper, or directs the court below to do so.   This was done when the case was here before, and the court below followed the mandate.

2.   The $113.40 stenographer's fee was allowed as costs.   Plaintiff's lien was not destroyed.   There are no errors in the decree.

SMITH, J.   The Arkansas National Bank sued W. L. Stuckey, and attached certain property belonging to him. The McIlroy Banking Company and a Doctor Welch, to whom Stuckey was also indebted, were made parties defendant, and there was a prayer, as against them, that they be required to sell the property against which they had liens, to secure their respective debts, and that any excess be impounded and applied to the payment of the debt due the plaintiff bank.   Stuckey answered, admitting the indebtedness sued on, but claimed a credit for an attorney's fee, which the bank refused to pay, on the ground that it was excessive.   Stuckey also denied the existence of grounds for attachment, and prayed judgment for damages which he claimed he had sustained from its issuance and levy on his property.   The court below reserved its decision in the matter of requiring the McIlroy Banking Company to foreclose its lien, but ordered the foreclosure of the deed of trust held by Doctor Welch, with directions that, in satisfaction of the deed of trust, the portion of the land which did not include the homestead be first sold, and that the excess, if any, be brought into court for distribution under the orders of the court.   The court allowed Stuckey the attorney's fee claimed by him,

and assessed certain damages in his favor on account of the wrongful levy of the attachment, but credited the sums of money thus allowed against the debt due by Stuckey to the bank, and gave judgment against Stuckey for the balance. Both parties appealed to this court, and the opinion was rendered in the case on November 29, 1915, which is found in 121 Ark., at page 302.

It was there said: "We have held that the decision of the chancellor dissolving the attachment is not against the weight of the evidence, and that his decree in that respect should not be reversed. Therefore, the property of the defendant Stuckey is released from any lien under the attachment. The chancellor rendered judgment against Stuckey for the amount due by him to the bank. His decision in this respect was correct, and under section 4438, of Kirby's Digest, the judgment was a lien on the lands of the defendant in Washington County from the date of the rendition of the decree. * * * The result of our views is that the court correctly found the amount due the plaintiff bank and the amount due Doctor Welch. The defendant (Stuckey) was only entitled to recover $250 and the accrued interest as damages, and $150 and the accrued interest as attorney's fees for services rendered, as indicated in the opinion."

The cause was reversed, with directions to the court below to enter a decree in accordance with the opinion, which, as appears from the above statement of facts, resulted in increasing the amount of the judgment in favor of the bank against Stuckey. A decree was rendered on this mandate, which was sent down to the court below on June 5, 1916.

In the meantime, however, a judgment had been rendered in favor of the McIlroy Banking Company for the amount of the debt due it, and, proceeding under this decree, property upon which it had a lien was sold, together with other property upon which there was no lien except that fixed by the judgment in its favor. Independent litigation grew out of that judgment, which forms the sub-

ject-matter of another appeal to this court, which will be disposed of in the opinion in that case.

(1)  In the decree on the mandate, the court adjudged the indebtedness between the parties in accordance with our former opinion, except that it allowed Stuckey $113.40 as stenographer's fees for taking depositions in the original cause, and entered a decree for the balance as if the cause had been tried anew, to which action the bank, at the time, excepted, "for the reason, among others, that this decree, in effect, releases, destroys and supersedes the former judgment and decree which was awarded plaintiff in the original decree, and is not in conformity with the mandate of the Supreme Court, and for the reason that it destroys plaintiff's former judgment and lien, and fails to affirm the judgment and lien against Stuckey and his land." It is conceded that the decree upon the mandate displaces the judgment lien which the bank had prior to the former appeal, and subordinates the judgment lien which it now has to the lien of the McIlroy Banking Company, acquired under its judgment rendered during the pendency of the former appeal. In other words, the question is, whether or not the reversal of the former decree displaces the lien of that judgment and held it in abeyance until the decree upon the mandate was entered, during which time the decree of the McIlroy Banking Company was rendered.

It will be borne in mind that it was not questioned, in the former opinion, that the bank was entitled to a judgment against Stuckey. The only question considered was the amount for which judgment was to be rendered, and the effect of our opinion was to increase this amount, and the cause was remanded with directions to the court below to enter a decree which increased the amount of the judgment against Stuckey. This decree could have been rendered here, but the cause was remanded because of the directions there contained in regard to the enforcement of the lien of Doctor Welch.

The former opinion called attention to the fact that the bank had a lien upon the lands in Washington County

under section 4438, of Kirby's Digest, which dated from the date of the rendition of the decree. It would be an anomalous result if, after so deciding, and the statute expressly so provides, we should further adjudge that the error of the court below consisted in not awarding judgment for the amount actually due, and should remand, with directions to increase the amount of the judgment, that this lien, given by the statute, should be displaced by a judgment which had been recovered while the orders of this court were being executed. A very similar question was involved in the case of *Gaines* v. *Rugg,* 148 U. S. 228, in which case it was said:

"It (Supreme Court of the United States) did not disturb the findings and decree of the circuit court in regard to the title and possession, but only its disposition in the matter of accounting. The mandate and the opinion, taken together, although they used the word 'reversed,' amount to a reversal only in respect to the accounting, and to a modification of the decree in respect of the accounting, and to an affirmance in all other respects."

The action of the court below is defended upon the authority of the case of *Millington* v. *Hill,* 54 Ark. 239. That case, however, is not authority for the position. The opinion there points out the fact that the contention was there made that the judgment of this court in that cause on the first appeal was not a judgment of reversal, but was a modification only. The court said, however, that the language of the decree did not warrant such a conclusion. The court had held that the judicial sale under which a party claimed was void, and had ordered that it be "vacated and set aside." Such an order, of course, was not a mere modification.

The record in the instant case does not present the question of the effect of a decision of this court holding that error had been committed in the determination of the question of liability of the appealing party, and the remand of the cause to ascertain and adjudge that question pursuant to principles announced by us. Both the question of liability, and the amount of that liability, were

determined in the former decision, and the cause was remanded with directions to the court below to enter a decree accordingly.

Under such conditions it can not be held that the prevailing party, by winning his case here, lost the security which he would have had, had he not been successful in the prosecution of his appeal.

(2) We are of opinion, also, that the court erred in allowing Stuckey as damages upon the dissolution of the attachment, the stenographer's fee. Any question of this kind should have been raised at the first trial, when the court was adjudging the damages upon the dissolution of the attachment, and upon this first appeal we undertook, upon the trial here *de novo,* to adjudge all those questions, and we did so, insofar as they were presented by the record before us at that time, and we remanded the cause with specific directions to the court to enter a decree in accordance with the directions there given, and the court below should not have reopened the case for the consideration of any question which was, or should have been, adjudicated upon the first appeal.

It follows, therefore, that the decree of the court below must be reversed, and the credit allowed Stuckey, on account of the expenditure for stenographic services, will be disallowed, and the cause will be remanded with directions to the court below to enter a decree in accordance with this opinion.

HUMPHREYS, J., disqualified below, did not participate here.