## FULBRIGHT *v.* MORTON, SHERIFF.

## Opinion delivered December 17, 1917.

1. APPEAL AND ERROR—DECREE IN CHANCERY—PERSONAL JUDGMENT.—
   A decree in chancery recited that: "It is  *  *  *  adjudged and
   decreed that the said M. Banking Co. do have and recover of
   and from the said W. L. Stuckey, the sum of $7,375.64, interest
   and all its costs in this action, and that if the judgment, inter-
   est and costs be not paid and fully discharged within ten days
   from its date  *  *  *." *Held,* the decree was intended as a per-
   sonal judgment against Stuckey, and a final decree for the re-
   covery of the amount named.

2. EXECUTION SALES—STATUTE OF FRAUDS—RETURN OF SELLING OFFI-
   CER.—The return of the selling officer is a sufficient memorandum
   of sale to take an execution sale out of the operation of the stat-
   ute of frauds.

3. EXECUTION SALES—FAILURE OF PURCHASER TO COMPLETE THE PUR-
   CHASE—REMEDY OF SELLING OFFICER.—The statutory remedy
   against a purchaser at an execution sale who refuses to comply
   with his bid (Kirby's Digest, § 3283), does not supersede the
   common law remedy which a selling officer had of maintaining
   an action against the purchaser for the full amount of his bid.

4. EXECUTION SALES—CAVEAT EMPTOR—REPRESENTATIONS OF LIEN
   HOLDER.—The rule of *caveat emptor* applies to execution sales.

5. EXECUTION SALES—REPRESENTATION OF LIEN HOLDER.—The T. Co.
   having a lien upon certain property, caused the same to be sold
   on execution, alleging its lien to be superior to any other; this
   was not true; and *held,* the purchaser at the execution sale could
   not repudiate the sale upon that ground.

6. EXECUTION SALES—CREDIT—RATE OF INTEREST.—Under Kirby's Di-
   gest, § 3281, where a credit is allowed on an execution sale, inter-
   est at the rate of 6 per cent. only can be charged on the deferred
   payment; but the sale is not avoided where the selling officer un-
   dertook to charge 8 per cent. interest, where the purchaser did not
   base his refusal to complete the purchase on that ground.

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; affirmed.

*O. P. McDonald* and *B. R. Davidson,* for appellant.

1. There was no personal decree against Stuckey
and hence the *ven ex* was irregular and there was no
sale. A personal judgment was withheld until after the
sale of the pledged stock. The decree should be con-

strued so as to give effect to all of its language, according to its plain obvious and common sense. 9 Ark. 270; 24 *Id.* 286; *Goolsby* v. *Fulbright,* ms. op.; 46 Iowa 49; 24 S. E. 114; 4 Munf. 262.

2. The sale was never perfected. The law was not complied with. The sale should have been for cash. Kirby's Digest, § § 3281, 3279.

The officer demanded a note with 8 per cent. interest. The legal rate is 6 per cent. No certificate of purchase was issued or tendered. There was no sale. 15 Ark. 611-615.

3. The statute is highly penal and the sheriff must strictly comply with the law. The property should have been re-offered for sale. 14 Ark. 120-121; Kirby's Digest, § 3283. The word "may" is mandatory. Freeman on Ex., § 301; 15 Ark. 611; 14 *Id.* 1, 114-120; 4 Wall. 435; 113 Fed. 232; 67 N. C. 261; 92 Ind. 514; 7 Ga. 167; 78 Ala. 258; 20 Pac. 629; 85 Ark. 232; 77 *Id.* 417; etc.

A statute is never to be regarded as directory merely when the act required, or the omission works injury or advantage to any one affected by it. 4 M. Law 213; 5 Mich. 151; 19 Barb. 558; Black on Tax Titles 305-311; 30 Ark. 612; 19 Wall. 238; 22 *Id.* 98; 90 Fed. 622.

4. The sale was within the statute of frauds. Kirby's Digest, § 3279; 20 Cyc. 235.

5. There never was a sale. 15 Ark. 615; 14 *Id.* 20; 21 *Id.* 231; 41 Am. Dec. 47.

6. It was error to refuse to permit appellant to prove that the agents of McIlroy Banking Co. instructed the sheriff to make sale under the execution as a lien superior to all others. 61 Ark. 66-70; 32 *Id.* 321.

*H. L. Pearson,* for appellee.

1. There was a personal judgment against Stuckey. 128 Ark. 76.

2. This suit was not brought under the statute but under our common law remedy. The word "may" is not mandatory but permissive. The statutory remedy is not exclusive. 30 Ark. 32; 101 Pac. 425; 79 S. W. 132;

122 N. Y. 1037; 35 Am. Dec. 575; 7 A. & E. Ann. Cas. 1069; 25 A. & E. Enc. L. (2 Ed.) 840-772; Lewis Sutherland Stat. Const. (2 Ed.), Vol. 2, p. 720, 363; 35 Am. Dec. 575; 17 Cyc. 1259; 11 Am. Dec. 691; 65 Am. St. 339; 17 Cyc. 1259; 9 Pac. 613; 11 Minn. 200; etc. A purchaser can not withdraw his bid after the officer has accepted it. Freeman on Ex., § 300; 22 Am. Dec. 322; 43 *Id.* 528; 49 Iowa 296.

3. The case does not fall within the statute of frauds. 21 Ark. 231; 15 *Id.* 615; 25 A. & E. Enc. L. (2 Ed.) 838. The statute does not apply to judicial or execution sales. 26 Am. Dec. 254. But the return of the sheriff satisfies the statute. 11 Paige 231; 43 Am. Dec. 528; 22 *Id.* 322; Freeman on Ex., § 299; 25 A. & E. Enc. Law, (2 Ed.) 774, note 9; 14 Ark. 20; 15 *Id.* 615; 21 *Id.* 231; 5 Yerger 63; 26 Am. Dec. 254; 126 Pac. 66; 98 N. E. 380. See also, 64 Am. St. 725; 64 *Id.* 725; 46 So. 769; 126 Ga. 274.

4. The doctrine of *caveat emptor* applies to execution sales. Freeman on Ex., § 355; 25 Am. & E. Enc. L. 843, note 6; 17 Cyc. 1262-3; 31 Ark. 258; 10 *Id.* 211; 30 *Id.* 249; 31 *Id.* 252; 53 Ark. 137; 31 *Id.* 108; 54 *Id.* 457; 226 Pa. 552; 8 Ala. 153; 131 Cal. 681; 25 Am. St. 758; etc.

5. Mere irregularities do not vitiate a sale. 10 Ark. 541; 12 *Id.* 421; 19 *Id.* 297; 34 *Id.* 399; 17 Cyc. 1265, note 22. Demanding 8 per cent. interest was immaterial. It was a mistake. But appellant did not refuse on this ground. He should have tendered his bid with 6 per cent. interest.

6. No error in excluding the testimony that the McIlroy lien was superior to all others. 115 Ga. 53; Freeman on Ex., § 310; 17 Cyc. 1282-4; 14 Ark. 9.

McCULLOCH, C. J. (1) The Arkansas National Bank, a banking corporation engaged in business at Fayetteville, Arkansas, appellant Fulbright being president and managing officer, sued W. L. Stuckey in the chancery court of Washington County, and a decree was rendered in its favor against Stuckey for recovery of a debt due

on contract.  The McIlroy Banking Company, another banking corporation, was made party defendant in the action for the purpose of compelling the latter to foreclose its lien on certain property pledged by Stuckey so that the surplus proceeds could be applied on the debt due from Stuckey to the Arkansas National Bank.  Certain credits were allowed to Stuckey over the objections of the bank, and the decree in the bank's favor was for the balance of the debt after allowing those credits.  Both of the parties, Stuckey and the Arkansas National Bank, appealed to this court and the decree was reversed on the appeal of the bank and the cause was remanded with directions to the chancery court to enter a decree in favor of the bank for an amount in excess of the amount of the original decree of that court.  *Arkansas National Bank* v. *Stuckey,* 121 Ark. 302.  After the rendition of the first decree in the chancery court, and while the case was pending here on appeal, the chancery court rendered a decree in favor of McIlroy Banking Company against Stuckey for the recovery of the amount of its debt and for foreclosure of the lien on Stuckey's property.  The pledged property was sold in accordance with the decree and the amount of proceeds was credited, leaving a balance of $2,498.82 due McIlroy Banking Company on the personal decree in its favor against Stuckey.  On the remand of the original cause to the chancery court the Arkansas National Bank insisted that the decree rendered in its favor in accordance with the directions of this court should be declared to be prior in point of time and superior to the decree in favor of McIlroy Banking Company as a lien on Stuckey's unincumbered property, but the court decided to the contrary and the Arkansas National Bank again appealed to this court, where it was decided that the prior lien of the first decree was not displaced by the remand of the cause with directions to enter another decree for the amount due. 128 Ark. 76.  While the second appeal was pending in this court, McIlroy Banking Company sued out an

execution on the decree against Stuckey for the balance due after crediting the proceeds of the pledged property and the sheriff levied the execution on a piece of real estate owned by Stuckey in the City of Fayetteville and sold the same on execution at public outcry to appellant, who was the highest bidder. The sum of $1,800 was the price bid by appellant.

After the property was knocked off to appellant by the selling officer he agreed to execute the next day a note for the purchase price in accordance with the terms of the sale, but when requested by the sheriff to do so the next day, he declined. Appellant based his refusal to make good his bid on the ground that he had made the bid upon faith of representations of an agent of the McIlroy Banking Company that the execution lien of that bank was a superior one and that he had since been advised that the lien of the Arkansas National Bank under its decree against Stuckey was superior. Appellee as sheriff tendered a certificate of purchase which was refused by appellant and at the expiration of the statutory term of credit allowed on such sales, appellee sued to recover the amount of the bid. Appellant defended in the court below on the ground stated above for his refusal to make good his bid, and also on the ground that the sheriff could not maintain an action on the bid without reselling the property in accordance with the statute, which provides that when a bidder at an execution sale "shall refuse to pay the amount bid for any property struck off to him the officer making the sale may again sell such property to the highest bidder, and if any loss shall be occasioned thereby, the officer may recover such loss by motion before any court or justice of the peace." Kirby's Digest, § 3283. Appellant also contended that the decree in favor of McIlroy Banking Company was not for a personal recovery against Stuckey, but only constituted an ascertainment of the amount due for enforcing a lien on the pledged property. There was a trial before a jury, but upon the evidence adduced the trial court

directed a verdict against appellant and an appeal has been prosecuted from the judgment rendered. The decree upon which the execution was issued reads as follows, (omitting caption and formal recitals) :

"It is therefore, by the court ordered, adjudged and decreed that the said McIlroy Banking Company do have and recover of and from the said W. L. Stuckey, the sum of $7,375.64, interest and all its costs in this action, and that if the judgment, interest and costs be not paid and fully discharged within ten days from its date, the commissioner of this court is hereby ordered and directed to proceed to sell for cash at public sale at the west front door of the courthouse in the City of Fayetteville, Washington County, Arkansas, after advertising said sale for four weeks in a newspaper published in Washington County, Arkansas, all of said stock in the said White Lime Company so pledged and delivered by the said W. L. Stuckey to the said McIlroy Banking Company and if said stock should not sell for a sum sufficient to pay said judgment in favor of the said McIlroy Banking Company, that the said McIlroy Banking Company have personal judgment against the said W. L. Stuckey for the satisfaction thereof, and if said stock should sell for a sum in excess of the judgment herein rendered in favor of the said McIlroy Banking Company, interest and cost, then the clerk of this court is ordered to hold the excess subject to the further orders of this court."

It is contended that this did not constitute a personal decree against Stuckey, but merely ascertained the amount due and directed a sale of pledged property for the purpose of crediting the proceeds on the amount due and reserved for future action the question of rendering a personal decree. This seems to us a strained construction of the language of the decree, which was obviously intended as a personal one against Stuckey for the recovery of the amount due, with instructions to sell the pledged property and credit the proceeds. It is in the customary form in which such decrees are rendered

and we entertain no doubt that the proper interpretation of the language used is to treat it as a final decree for the recovery of the amount named.

(2-3) The main question of law involved in the case is whether or not the statutory remedy against a purchaser at an execution sale who refuses to comply with his bid is the exclusive remedy at law and completely supersedes the common-law remedy which a selling officer had of maintaining an action against the purchaser for the full amount of his bid. It seems to have been well settled at common law that a selling officer could maintain an action against the purchaser for the amount of the bid upon the latter's refusal to comply with the terms of the sale. Murfree on Sheriffs, § 897; 25 Am. & Eng. Enc. of Law, p. 838; 17 Cyc., p. 1259; Freeman on Executions, § 313; *Armstrong* v. *Vroman,* 11 Minn. 220; *Friedly* v. *Scheetz* (Pa.), 11 Am. Dec. 691.

It is insisted that the word "may" in the statute should be construed to mean "shall" so as to render the statute mandatory and make it exclusive of all other remedies against a delinquent bidder. Such a construction of the word used is often employed by courts so as to carry out the obvious meaning of the law-makers, but that construction is usually adopted in cases where a new right, as well as a remedy, is created. 2 Lewis' Sutherland Statutory Construction, § 720. The learned author just referred to states the rule as follows:

"Where a new remedy is given by statute and there are no negative words or other provisions making it exclusive, it will be deemed to be cumulative only and not to take away prior remedies."

The statute under consideration merely confers a new remedy, but does not create the right to compel the purchaser to comply with his bid, for that right existed independently of the statute, and we think that it still exists in its original form. The statutory remedy is cumulative. *Dawson* v. *Miller, Admr.,* 20 Tex. 171, 70 Am. Dec. 380.

Counsel for appellant insist that the contrary rule with reference to the construction of this statute has been adopted by this court in the following cases: *State, use Jones, etc.,* v. *Borden,* 15 Ark. 611; *Newton* v. *The State Bank,* 14 Ark. 9; *State* v. *Lawson, Sheriff,* 14 Ark. 114. We do not construe those decisions as holding that the statute in question is exclusive of the common-law remedy, for the effect of the court's decisions in those cases was merely to hold that the selling officer was not responsible for the amount of the bid unless it was paid, as the statute prescribed another remedy which he had a right to adopt.

The statute of frauds is pleaded in this case, but it has been very generally held, as shown by the cases cited on the brief of appellee, that the return of the selling officer is sufficient memorandum of the sale to take the transaction out of the operation of the statute of frauds.

(4-5) The next contention of appellant is that the court erred in refusing to permit him to prove at the trial that the agents of McIlroy Banking Company instructed the sheriff to make the sale under the execution as a lien superior to all others, and that the sale was in fact made under the claim on the part of the agents of McIlroy Banking Company that the execution in favor of that bank constituted a superior lien. It is argued that since this court has held that the lien of the Arkansas National Bank under its original decree was not displaced by the remand ordered by this court that the assertion of superiority of lien by the McIlroy Banking Company constituted either a fraud upon appellant as a bidder or that it constituted a mistake under which appellant labored when he made the bid, which justified him in withdrawing his bid upon discovering the error. This argument is unsound for the reason that the rule of *caveat emptor* applies to execution sales and the mere assertion of superiority of liens by the agents of the McIlroy Banking Company constituted neither a misrepresentation of fact nor such a mutual mistake of

fact as would afford relief to appellant from the bid. No contractual rights arose between appellant and the McIlroy Banking Company for they dealt at arms length as adversaries in the assertion of superior liens against the property of Stuckey. If both parties to the controversy asserted their respective claims in good faith and appellant purchased the property under the belief that as a matter of law the lien of the McIlroy Banking Company was superior, yet the mutual mistake as to the law on the subject can not, under the circumstances of this case, be treated as such a mistake of fact as will relieve appellant from his obligation. There was, in other words, no mistake of fact, but merely a mistake of law, in the view of the matter most favorable to appellant. The offered evidence was therefore, immaterial, and the court was correct in excluding it.

(6)    The remaining contention is that the sheriff can not maintain the action because the form of note or bond presented to appellant to sign in furtherance of his bid specified interest at eight per centum per annum. The statute (Kirby's Digest, § 3281), provides that sales under execution shall be on credit of three months, and that the purchaser must give bond with security "for the payment of the sale money, bearing interest from date." This means the legal rate of interest, or six per centum per annum, and the sheriff had no right to demand a note bearing interest at the rate of eight per centum. Appellant did not, however, base his refusal to sign the note upon that ground, and there is no indication that the sheriff intended to violate the statute, but the inclusion of interest at the rate of eight per centum was a mistake which did not avoid the sale, nor prevent the sheriff from enforcing the remedy to compel appellant to comply with his bid.

The judgment is correct upon the undisputed testimony in the case, and the same is affirmed.

HUMPHREYS, J., not participating.