REDDING & COMPANY, Inc., Appellee,

v.

RUSSWINE CONSTRUCTION CORPORATION et al., Appellant.

No. 22593.

United States Court of Appeals
District of Columbia Circuit.

Decided March 21, 1969.

Mr. Mark P. Friedlander, Jr., Washington, D. C., argued the motion for appellee.

Mr. Louis P. Robbins, Washington, D. C., argued in opposition to the motion for appellant. Mr. Arnold L. Yochelson, Washington, D. C., also entered an appearance for appellant.

Before BURGER, WRIGHT and ROBINSON, Circuit Judges.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

This case is now before us on the motion of the appellee, Redding & Co., Inc. (Redding), to require a supersedeas bond as a condition to a stay of an execution on what purports to be a judgment against the appellant, Russwine Construction Corporation (Russwine). Since this marks the eighth appearance of the litigation in this court [1]—litigation that remains uncompleted in the District Court—we begin with a recapitulation of the events from which the case assumed its present posture.[2] That summary will set the stage for the questions we are to decide at this juncture,[3] and their resolution, hopefully, will facilitate a prompt and orderly disposition of the segment of the controversy to which the present proceeding relates.

I

The suit underlying the judgment seeks enforcement of a mechanic's lien asserted by Redding, a subcontractor, against Russwine, a general contractor, and others [4] for sums allegedly due for work done on a construction project. As a result of activities we described in an earlier memorandum,[5] Russwine was ordered to pay certain funds into the registry of the District Court pending the outcome.[6] Russwine failed to comply, and as a result its pleadings were stricken and a default was entered.[7]

Subsequently, Redding moved for the entry of judgment on the default and,

1. See notes 6, 13, 15 and 18, *infra.*

2. Pt. I, *infra.*

3. Pts. II, III, *infra.*

4. Joined as defendants with Russwine were the record owners and leaseholders of, and the trustees designated in a deed of trust on, the land and improvements involved by the lien asserted.

5. Russwine Constr. Corp. v. Redding & Co., No. 21,564 (D.C.Cir. Apr. 18, 1968) (unreported).

6. This order precipitated two appeals and two mandamus proceedings. Russwine Constr. Corp. v. Walsh, No. 20,946 (D.C. Cir. June 16, 1967); Russwine Constr. Corp. v. Redding & Co., No. 20,819 (D.C. Cir. June 22, 1967); Russwine Constr. Corp. v. Redding & Co., No. 21,564 (D.C. Cir. Apr. 18, 1968); Russwine Constr. Corp. v. Walsh, No. 21,593 (D.C.Cir. Apr. 18, 1968), all unreported.

7. Russwine's codefendants were not affected by that order.

over Russwine's objection that its code-fendants had defenses outstanding,[8] an order responsive to the motion was passed on June 28, 1968. That order contains contradictory indications of finality and is the source of the present difficulties. On the one hand, it specifies that Redding recover from Russwine a fixed amount—$62,184.70—and further directs that "execution on the judgment entered herein" be stayed in the event that Russwine posts a supersedeas bond.[9] On the other hand, the order contains a certification that a controlling question of law is involved as to which there is substantial ground for difference of opinion, and that an immediate appeal might advance the ultimate termination of the litigation.[10]

Russwine treated the order as interlocutory and sought permission to appeal.[11] Redding opposed, also accepting the order as interlocutory. The order contains neither the express finding that there is no reason for delay nor the express direction for entry of judgment which Rule 54(b) of the Federal Rules of Civil Procedure makes prerequisites to finality of a judgment in a multi-claim or multi-party action.[12] In that light, this court deemed the appeal to be from an interlocutory order and, in the exercise of its discretion, denied Russwine's petition for leave to appeal.[13]

Russwine then applied for a writ of mandamus, asserting that Redding contemplated an execution on its "judgment." This court, however, regarded the order of June 28, 1968—the only outstanding order upon which an execution might conceivably be based—as interlocutory rather than final. And, on the theory that a valid execution necessitates an underlying final order,[14] no harm to Russwine was then apparent, and relief by way of mandamus was denied.[15]

While the mandamus proceeding was pending, Russwine unsuccessfully sought a stay of execution from the District Court. When the order terminating that

---

8. Russwine relied, in this connection, upon Frow v. De La Vaga, 82 U.S. (15 Wall.) 552, 554, 21 L.Ed. 60 (1872). We indicate no view with reference to this contention.

9. In addition to the characteristics of the award itself, execution normally necessitates the element of finality in the judgment. See note 35, *infra*, and accompanying text.

10. This was obviously in reference to 28 U.S.C. § 1292(b) (1964), which is applicable only to interlocutory orders. Additionally, as we later emphasize, the specifications of Fed.R.Civ.P. 54(b) regarding judgment finality were not met. See notes 12, 36–38, *infra*, and accompanying text.

11. Pursuant to 28 U.S.C. § 1292(b) (1964). See note 10, *supra*.

12. "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry

of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." Fed.R.Civ. P. 54(b).

13. Russwine Constr. Corp. v. Redding & Co., Misc. No. 3306 (D.C.Cir. Aug. 19, 1968) (unreported).

14. See the text *infra* at note 35.

15. Russwine Constr. Corp. v. Curran, No. 22,301 (D.C.Cir. Oct. 18, 1968) (unreported). This court's order called attention to the fact "that the District Court's order of June 28, 1968, * * * does not contain an express determination under Fed.R.Civ.P. 52(b) [*sic*] that there is no just reason for delay or an express direction for the entry of judgment," and declared that "no judgment has yet been entered in this case upon which execution may be made, * * *."

proceeding was issued,[16] Russwine moved the District Court for reconsideration of its application for a stay and requested alternatively the judicial determination and direction provided for in Rule 54(b).[17] The motion was denied in its entirety whereupon Russwine, still confronted by a judgment non-final in terms of Rule 54(b) but ostensibly the predicate for an execution, appealed from the order of denial.[18] To alleviate this dilemma, we granted a stay of execution pending the appeal, and the current motion seeks a supersedeas bond as a condition to the stay.

## II

An appeal from the District Court lies to this court, subject to statutory exceptions not here applicable, only from a decision that is final.[19] Presented at the threshold is the question whether the order appealed from—which in effect is a ruling that the order of June 28, 1968, is enforceable by execution—is final for purposes of Russwine's appeal. Our authority to consider Redding's motion is congruent with our authority to hear Russwine's appeal, and it is incumbent upon us to first decide the jurisdictional question that is common to both.[20] We approach this problem heedful of the Supreme Court's admonition that "[a] pragmatic approach to the question of finality has been considered essential to the achievement of the 'just, speedy, and inexpensive determination of every action': the touchstones of federal procedure." [21]

It is evident that we would lack jurisdiction if the requirement of finality could be satisfied only by the terminal order in the litigation. The so-called collateral order doctrine, however, teaches that an order, though entered prior to full adjudication of all of the issues as to all of the parties, may be appealable if it disposes of claimed rights separable though auxiliary to those pressed as the cause of action.[22] The leading case is Cohen v. Beneficial Industrial Loan Corporation,[23] sustaining the appealability of an order denying a motion to require the posting of security for the expenses of suit. Explaining the rationale of the decision the Court said:

The effect of the statute [24] is to disallow appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal. But the District Court's action upon this application was concluded and closed and its decision final in that sense before the appeal was taken.

Nor does the statute permit appeals, even from fully consummated decisions, where they are but steps toward final judgment in which they will

---

16. See note 15, *supra.*

17. See note 12, *supra.* As we have indicated, the order denying relief on the mandamus application inadvertently cited Fed.R.Civ.P. 52(b) instead of Rule 54 (b). See note 14, *supra.* Russwine repeated this typographical error in its application for reconsideration, but our examination of the record satisfies us that there could have been no mistake as to what Russwine was seeking.

18. One day previously, Russwine filed another petition for a writ of mandamus in an effort to relieve the situation. Russwine Constr. Corp. v. Curran, No. 22,584. That petition is still pending.

19. 28 U.S.C. § 1291 (1964).

20. See Brooks v. Laws, 92 U.S.App.D.C. 367, 379, 208 F.2d 18, 30–31 (1953). See also In re Adoption of a Minor, 94 U.S.App.D.C. 131, 133–134, 214 F.2d 844, 846–847, 47 A.L.R.2d 813 (1954); Laughlin v. Cummings, 70 App.D.C. 192, 193, 105 F.2d 71, 72 (1939).

21. Brown Shoe Co. v. United States, 370 U.S. 294, 306, 82 S.Ct. 1502, 1513, 8 L. Ed.2d 510 (1962), quoting Fed.R.Civ. P. 1.

22. See notes 23–30, *infra,* and accompanying text.

23. 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

24. The Court refers here to 28 U.S.C. § 1291 (1964).

merge. The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results. But this order of the District Court did not make any step toward final disposition of the merits of the case and will not be merged in final judgment. When that time comes, it will be too late effectively to review the present order, and the rights conferred by the statute, if it is applicable, will have been lost, probably irreparably. We conclude that the matters embraced in the decision appealed from are not of such an interlocutory nature as to affect, or to be affected by, decision of the merits of this case.

This decision appears to fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the ac-

tion, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated. The Court has long given this provision of the statute this practical rather than a technical construction. * * *

We hold this order appealable because it is a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it.[25]

In the two decades since *Cohen*, the Supreme Court,[26] and the federal courts of appeals as well,[27] have applied · the collateral order doctrine in a fair variety of situations. Particularly pertinent to the question here are the decisions upholding the appealability of orders affecting attachments and other legal process of similar character.[28] And while

---

**25.** *Id.* at 546–547, 69 S.Ct. at 1225 (citations omitted).

**26.** Roberts v. United States District Court, 339 U.S. 844, 845, 70 S.Ct. 954, 94 L.Ed. 1326 (1950) (order denying leave to appeal *in forma pauperis*) ; Stack v. Boyle, 342 U.S. 1, 6, 72 S.Ct. 1, 96 L.Ed. 3 (1951) (order denying reduction of bail) ; Local 438, Construction Laborers v. Curry, 371 U.S. 542, 548–550, 83 S.Ct. 531, 9 L.Ed.2d 514 (1963) (state court judgment resolving jurisdiction to adjudicate labor controversy) ; Mercantile Nat'l Bank v. Langdeau, 371 U.S. 555, 557–558, 83 S.Ct. 520, 9 L.Ed.2d 523 (1963) (state court judgment resolving venue of suit against national bank). See also Di Bella v. United States, 369 U.S. 121, 82 S.Ct. 654, 7 L.Ed.2d 614 (1962).

**27.** Phelps v. Burnham, 327 F.2d 812, 813–814 (2d Cir. 1964) (order alternatively requiring security) ; Chabot v. National Secs. & Research Corp., 290 F.2d 657, 658–659 (2d Cir. 1961) (orders staying actions pending posting of security) ; United States v. Wood, 295 F.2d 772, 776–778 (5th Cir. 1961), cert. denied 369 U.S. 850, 82 S.Ct. 933, 8 L.Ed.2d 9 (1962) (order denying temporary restraining order against state criminal prosecution) ; United States v. Mayton, 335 F.2d 153, 157–158 (5th Cir. 1964) (orders in voting rights action on individual applications for orders declaring applicants qualified to vote) ; Covey Oil Co. v. Con-

tinental Oil Co., 340 F.2d 993, 995–997 (10th Cir.), cert. denied 380 U.S. 964, 85 S.Ct. 1110, 14 L.Ed.2d 155 (1965) (order denying motion to quash subpoena duces tecum requiring nonparty witness to disclose trade secrets). See also Amdur v. Lizars, 372 F.2d 103, 105–106 (4th Cir. 1967) (order staying action while earlier similar action was undecided). .

**28.** Swift & Co. Packers v. Compania Colombiana Del Caribe, 339 U.S. 684, 688–689, 70 S.Ct. 861, 94 L.Ed. 1206 (1950) (order vacating foreign attachment of vessel) ; Chilean Line Inc. v. United States, 344 F.2d 757, 759 (2d Cir. 1965) (denial of writ of foreign attachment in admiralty) ; Republic of Italy v. De Angelis, 206 F.2d 121, 123 (2d Cir. 1953) (order vacating attachment) ; The Panaghia Kathariotisa, 165 F.2d 430 (3rd Cir. 1948) (order in possessory suit in admiralty relea·ing ship from arrest on shipowner's filing of monetary stipulation).

In Swift & Co. Packers, *supra*, the court pointed out that "[a]ppellate review of the order dissolving the attachment at a later date would be an empty rite after the vessel had been released and the restoration of the attachment only theoretically possible. * * * Under these circumstances the provision for appeals only from final decisions in 28 U.S.C. § 1291, 28 U.S.C.A. § 1291, should not be construed so as to deny effective review of a claim fairly severable from

we ourselves have not had frequent occasion to utilize the *Cohen* doctrine,[29] we nonetheless have articulated our understanding of its reach in a definition so broad as to cleanly intercept the order now before us.[30]

The only question posed on Russwine's appeal is whether the order of June 28, 1968, is a judgment that can support an execution. Like the issue in *Cohen,* it is wholly collateral to the merits of the cause of action pursued in the District Court. Moreover, under the somewhat unique facts here, justice is plainly served by the appeal. For if Redding is able to execute on the June 28 order, no need for any further adjudication on Redding's claim against

Russwine is apparent, and Russwine would have lost its cause without an appealable order ever having been entered. An order generating such a condition is surely final under any pragmatic view, for it not only resolves the collateral claim but, if allowed to stand, would deprive Russwine of its appeal as well.[31]

That the District Court's action may not be permitted to literally "render entirely illusory" [32] Russwine's right to review, we hold that the order refusing a stay of execution is so far final as to confer jurisdiction to entertain the appeal. This, in turn, vindicates our authority to deal with Redding's incidental motion to require Russwine to post a supersedeas bond.[33]

the context of a larger litigious process." 339 U.S. at 689, 70 S.Ct. at 865. The Court distinguished Cushing v. Laird, 107 U.S. 69, 2 S.Ct. 196, 27 L.Ed. 391 (1882), which involved an order refusing to dissolve an attachment pending disposition of the case. "In such a situation," said the Court, "the rights of all the parties can be adequately protected while the litigation on the main claim proceeds." 339 U.S. at 689, 70 S.Ct. at 865.

29. United States v. Cefaratti, 91 U.S.App. D.C. 297, 202 F.2d 13 (1952), cert. denied 345 U.S. 907, 73 S.Ct. 646, 97 L.Ed. 1343 (1953) (motion to suppress evidentiary use of seized narcotics is appealable) ; but see Di Bella v. United States, *supra* note 26. Collins v. Miller, 91 U.S. App.D.C. 143, 198 F.2d 948 (1952) (order dismissing petition for removal of administrator is appealable).

30. "An order that does not 'terminate an action' but is, on the contrary, made in the course of an action, has the finality that § 1291 requires for appeal if (1) it has 'a final and irreparable effect on the rights of the parties,' being 'a final disposition of a claimed right'; (2) it is 'too important to be denied review'; and (3) the claimed right 'is not an ingredient of the cause of action and does not require consideration with it.'" United States v. Cefaratti, *supra* note 29, 91 U.S.App. D.C. at 301, 202 F.2d at 16.

31. Here, as this court many years ago said about a similar situation, "[i]f the judgment or decree sought to be enforced in this case was in fact and in law only an interlocutory proceeding, there was no opportunity for an appeal until it was

sought to enforce it as a final adjudication ; and if there was no right of appeal when it was sought to enforce it, there was no right of appeal at all in the case. This is a conclusion which is inadmissible." Beiber v. Fechheimer, 9 App.D.C. 548, 552 (1896).

32. Local 438, Construction Laborers v. Curry, *supra* note 26, 371 U.S. at 550, 83 S.Ct. 531.

33. In our view, the requirements of Rule 54(b) do not apply to otherwise appealable collateral orders. *Cohen* read "claim for relief" in Rule 54(b), then in its original form, to mean "cause of action," and we think the same meaning is to be ascribed to "claim for relief" in the rule as it now is. See the discussion in 6 J. Moore, Federal Practice ¶ 54.31 at 236 (2d ed. 1965). We think, too, that this construction is bolstered by the character of the collateral order doctrine as a rule of practical necessity, a consideration upon which a contrary interpretation would impinge destructively. *Id.* We are aware of some judicial indications to the contrary. Lyman v. Remington Rand, Inc., 188 F.2d 306, 308 (2d Cir. 1951). See also Moses Lake Homes, Inc. v. Grant County, 276 F.2d 836, 840 n. 1 (9th Cir. 1960), rev'd on other grounds 365 U.S. 744, 81 S.Ct. 870, 6 L.Ed.2d 66 (1961), in which the Rule 54(b) determination and direction were made. Our conclusion, however, enjoys the support of the greater weight of opinion. Chabot v. National Secs. & Research Corp., *supra* note 27, 290 F.2d at 659 (a 2d Circuit decision coming after Lyman, *supra*) ; 6 J. Moore, Federal Practice ¶ 54.31 at 236–37 (2d

## III

■ The requirement of a supersedeas bond undoubtedly may be appropriate in normal situations to protect an enforceable judgment in favor of the moving party,[34] but the problem on Russwine's pending appeal is to determine precisely whether Redding now has any such judgment to protect. While that issue on the merits is not before us, the probability or improbability that Redding will ultimately prevail is obviously an important factor to be weighed in the determination as to whether the condition Redding requests should be imposed. We think Redding's chances of sustaining the order of June 28, 1968 as a judgment which could support an execution are too slight to justify the exaction of a supersedeas bond from Russwine.

■ An execution ordinarily may issue only upon a final judgment.[35] Rule 54(b) specifies, relevantly to finality, that in any case involving multiple claims or multiple parties "the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an *express* determination that there is no just reason for delay and upon an *express* direction for the entry of judgment * *."[36] That has not yet been done in this case, and by our appraisal the more likely conclusion upon the merits of the appeal is

that unless and until it is done Redding has no judgment upon which an execution may issue prior to adjudication of the case in its entirety. The rule's requirement of explication in the two respects mentioned is not a technicality in the interest of form; rather, it serves primarily the important function of denoting unmistakably that- a final order has been entered so that the losing party may either file a timely appeal or pay the judgment.[37] We think the role Rule 54(b) plays with reference to the finality of a judgment for purposes of appeal has implications as regards its finality for purposes of execution [38] as well.

■ Russwine's appeal raises squarely the question whether the June 28 order is one on which an execution can be predicated. If, upon consideration of the merits of the appeal, that question is answered in the affirmative, the stay will be dissolved and Redding will then be free to execute. If, on the other hand, the contrary is held, there can be no execution until either the demands of Rule 54(b) are satisfied or the case is fully litigated on all claims against all defendants. It seems to us that the surest and quickest procedure toward ending the case against Russwine is for Redding to move the District Court for the determination and direction specified in Rule 54(b). We wish to make it clear that the pendency of Russwine's appeal does not

---

ed. 1965) ; Underwood, Appeals in the Federal Practice from Collateral Orders, 36 Va.L.Rev. 731, 737–739 (1950) ; Note, Appealability in the Federal Courts, 75 Harv.L.Rev. 351, 367 (1961). See also Phelps v. Burnham, *supra* note 27, 327 F.2d at 813–814.

34. See Fed.R.App.P. 8(b).

35. Bieber v. Fechheimer, *supra* note 31, 9 App.D.C. at 553–558; Kapp v. Seventh Judicial Dist. Court, 32 Nev. 264, 107 P. 95, 25 Am.Ann.Cas.1912D 177 (1910). See also Fullbright v. Morton, 131 Ark. 492, 199 S.W. 542, 543–544 (1917) ; Ryan v. Raley, 48 Tex.Civ.App. 187, 106 S.W. 750, 751–752 (1907). But see D.C. Code § 15–321 (1967 ed.).

36. Emphasis supplied.

37. See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 435–436, 76 S.Ct. 895, 100 L.Ed. 1297 (1956) ; Dickinson v. Petroleum Corp., 338 U.S. 507, 511–512, 70 S.Ct. 322, 94 L.Ed. 299 (1950) ; 6 J. Moore, Federal Practice ¶ 54.27 (2d ed. 1965).

38. See 6 J. Moore, Federal Practice ¶ 54.42 at 273–74 (2d ed. 1965). We note particularly that Rule 54(b) provides that "[i]n the absence of such determination and direction," the order "is subject to revision at any time before the entry of judgment adjudicating" the case completely. Compare Beiber v. Fechheimer, *supra* note 31, 9 App.D.C. at 555–556.

foreclose any action the District Court might be persuaded to take in that regard.[39]

Motion denied.

---

**39.** Of course we do not intimate any view as to the action to be taken by the District Court upon any such request.