36 F.3d 1097
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH,
PENNSYLVANIA, Plaintiff-Appellee,
v.
Ronald R. GILBERT, Defendant-Appellant, Third-Party Plaintiff,
v.
Robert V. YOE, Jr., d/b/a Continental Management Company;
Investa Corp., a foreign corporation, Third-Party Defendants,
Hambrose Leasing-3, a limited partnership, Third-Party
Defendant-Appellee.
 Nos. 93-1663, 93-1751.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1994.
 
 Before: CONTIE, GUY, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This appeal, which has come before various panels of this court on several occasions already, presents the question of whether a party may execute upon a non-final judgment through garnishment proceedings. We hold that it may not, and therefore reverse the district court's order denying the appellant's motion to quash the garnishment.
 
 
 2
 * Plaintiff National Union Fire Insurance Company of Pittsburgh, Pennsylvania, agreed via a financial guarantee bond to act as a surety for defendant Ronald R. Gilbert when Gilbert invested in 1983 in a limited partnership interest in Hambrose Leasing-3. The purchase price included $6400 cash and $39,600 in three promissory notes executed by Gilbert in favor of Hambrose. These notes, and those of other investors, were to be negotiated and indorsed to Merban Americas Corporation to secure an obligation that Hambrose owed to Merban. Hambrose also agreed to obtain a bond guaranteeing payment of all of the promissory notes pledged to Merban.
 
 
 3
 National Union's bond guaranteed to those who advanced funds to the partnership enterprise (e.g., Merban) that the limited partners, including Gilbert, would make all the capital contributions represented by the promissory notes. National Union promised to make payment of the notes in the event of default. Gilbert's agreement with National Union required Gilbert to indemnify National Union for all costs, including attorney's fees, incurred in collecting on the note if National Union were required to pay on the guaranty.
 
 
 4
 In 1986, Gilbert defaulted on one of his notes, in the amount of $13,200. National Union covered the default and then sued under its contract with Gilbert to recover from Gilbert its payment plus attorney's fees arising from its collection efforts. Litigation ensued.
 
 
 5
 On October 4, 1991, the district court granted summary judgment to National Union. National Union filed its accounting of fees, memorialized in an October 25, 1991, letter to the district court (Gilbert calls this a "letter order"). The district court awarded payment of the note plus attorney's fees and interest under the indemnification and pledge agreement between Gilbert and National Union. The district court entered judgment on June 3, 1992, in favor of National Union for $97,101.09.
 
 
 6
 National Union began collection efforts in September 1992. On September 4, 1992, National Union issued a writ of garnishment to Gilbert. Gilbert filed various disclosures in September, October, and November 1992. On December 9, 1992, an order directing Gilbert to pay was issued, but Gilbert has paid nothing under that order. Gilbert later moved to quash the garnishment, but upon the magistrate judge's recommendation, the district court denied that motion.
 
 
 7
 On May 4, 1993, Gilbert appealed from the three orders of October 4, 1991, regarding the motions for summary judgment (granting in part National Union's motion; denying Gilbert's motion; and granting third-party Hambrose's motion); from the October 21, 1991, "letter order"; from the June 3, 1992, judgment of $97,101.09 to National Union; and from an April 12, 1993, order denying Gilbert's Rule 60(b) motion. On May 27, 1993, Gilbert appealed the district court's May 11, 1993, order denying his amended motion to quash the garnishment. By order of June 21, 1993, this court consolidated the two appeals.[1]
 
 
 8
 On June 14, 1993, this court determined that, even though there was no final judgment, we had jurisdiction over the appeal of the denial of Gilbert's motion to quash the garnishment as a collateral order. In the June 1993 order, this court also issued a conditional stay: if Gilbert filed a proper supersedeas bond within 14 days, the execution on the judgment would be stayed. Gilbert pledged his interest in litigation against other parties related to this litigation, but on January 4, 1994, the district court ordered this "bond" stricken and the stay was dissolved. Gilbert requested this court to continue the stay, but that request was denied in a February 8, 1994, order, which indicated that no stay of execution was in force. We also indicated that the summary judgment order in favor of Hambrose was a non-appealable interlocutory order. Gilbert sought further clarification of the February 8, 1994, order, which resulted in this court awarding attorney's fees to National Union for Gilbert's unreasonable and vexatious filings.
 
 
 9
 On November 16, 1993, the magistrate judge recommended denying National Union's motion to amend the June 1992 judgment in order to include additional interest and attorney's fees incurred in the appeals to the Sixth Circuit and in its efforts to collect on the judgment, and to render the judgment final under Fed.R.Civ.P. 54(b). The district court agreed with the magistrate judge, and denied the motion in its January 1994 order. National Union took no appeal from that order.
 
 
 10
 As of yet, no payment has been made on the June 1992 judgment. On June 16, 1994, the district court issued a new writ for garnishment, but National Union has not yet been able to effectuate proper service on Gilbert. This latest writ expired by its terms on September 15, 1994.
 
 II
 
 11
 The issue in this appeal is whether garnishment may be executed upon a non-final judgment. Execution ordinarily may issue only upon a final judgment. Gerardi v. Pelullo, 16 F.3d 1363, 1371 n. 13 (3d Cir.1994); International Controls Corp. v. Vesco, 535 F.2d 742, 744 (2d Cir.1976) ("It is well-established that 'execution ordinarily may issue only upon a final judgment.' "); Redding & Co. v. Russwine Constr. Corp., 417 F.2d 721, 727 (D.C.Cir.1969). See also 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure Sec. 2661 at 128-29 (1983); Gauthier v. Crosby Marine Serv., Inc., 590 F.Supp. 171, 175-76 (E.D.La.1984); In re Uranium Antitrust Litigation, 473 F.Supp. 382, 390 (N.D.Ill.1979). "[A] judgment that is not otherwise final, i.e., usually meaning final as to all issues and parties, is not subject to execution until the certification under Rule 54(b) is entered." Gerardi, 16 F.3d at 1371 n. 13. The rationale for requiring a Rule 54(b) certification of finality prior to permitting execution on an otherwise non-final judgment is to declare the finality of the order so that the losing party is able and required either to file a timely appeal or pay the judgment. Redding, 417 F.2d at 727.
 
 
 12
 Thus, unless the June 1992 order was a final judgment, National Union could not execute upon it. In other words, because there were parties remaining in the district court with claims not yet disposed of,[2] absent a Rule 54(b) certification of finality, the district court should have quashed National Union's attempted garnishment of Gilbert's assets.
 
 
 13
 Rule 54(b) provides that, in a case with multiple claims or parties, the district court may "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed.R.Civ.P. 54(b). The determination of whether to certify an order as final under Rule 54(b) is committed to the district court's discretion. Solomon v. Aetna Life Ins. Co., 782 F.2d 58, 60-61 (6th Cir.1986). On review, the district court's discretionary judgment as to whether there is "no just reason for delay" is afforded "substantial deference." Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 10, 100 S.Ct. 1460, 1466 (1980). The district court must "weigh and examine the competing factors involved in the certification decision." Solomon, 782 F.2d at 61.
 
 
 14
 Here, the district court in January 1993 declined to certify the June 1992 order as final under Rule 54(b).[3] That January 1993 order is not before us on appeal, although National Union urges us in its supplemental brief to consider the June 1992 order final and reviewable. Because National Union did not appeal the district court's decision not to issue a Rule 54(b) certification,[4] we shall not review or disturb its determination. However, were the issue properly before us, we note that there are substantial grounds for concluding that the district court's determination was erroneous. The June 1992 order bears the indicia of finality that warrant the issuance of a Rule 54(b) certification.
 
 
 15
 The district court should consider, in making a Rule 54(b) determination, at least the factors described in Corrosioneering, Inc. v. Thyssen Environmental Systems, Inc., 807 F.2d 1279 (6th Cir.1986):
 
 
 16
 (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. Depending upon the facts of the particular case, all or some of the above factors may bear upon the propriety of the trial court's discretion in certifying a judgment as final under Rule 54(b).
 
 
 17
 807 F.2d at 1283 (quoting Allis-Chalmers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 364 (3d Cir.1975)).
 
 
 18
 The facts and procedural posture of this case reveal that National Union's claim against Gilbert bears only a remote relationship to the claims that remain unresolved below. The main issue between National Union and Gilbert is whether Gilbert must indemnify National Union, under the agreement between the two parties, for National Union's payment on Gilbert's default and for National Union's attorney's fees incurred in trying to collect that indemnification from Gilbert. Future developments in the district court are not likely to moot review of the June 1992 judgment; viewed with any degree of reasonableness, the district court's order determined with "finality" National Union's claim against Gilbert. The disposition of Gilbert's third-party claims will not require that the issue between Gilbert and National Union be reviewed on appeal a second time.
 
 
 19
 There does appear to be a question about the possibility of set-off, however. Gilbert alleges in his third-party complaint that Hambrose and Investa are agents of National Union and that they fraudulently induced him to invest. If subsequent developments support Gilbert's allegations (which, at this point, appears unlikely), then determining the issue of liability between National Union and Gilbert on the agreement between them might at this point be premature. However, other considerations suggest that there is no reason to delay an appeal here. Gilbert's numerous motions in this court and the district court in an effort to block National Union from executing upon the June 1992 judgment have caused delay and an expenditure of resources by all parties involved (including the courts). Determination of the issue between Gilbert and National Union would promote the efficient administration of justice in this case.
 
 
 20
 Further, the district court adopted the magistrate judge's report and recommendation regarding National Union's Rule 54(b) motion without much explanation, although it did state that it had conducted a de novo review. The magistrate judge's reasoning for recommending that National Union's motion for Rule 54(b) certification be denied seems flawed. The magistrate judge feared that if the June 1992 order were granted Rule 54(b) certification, Gilbert would lose his right to appeal that order inasmuch as the magistrate judge believed that the 30-day period of Fed.R.App.P. 4(a)(1) for filing an appeal would have closed. However, the 30-day period would begin when the certification of final judgment is entered, not June 3, 1992, when the judgment itself was entered.
 
 
 21
 The magistrate judge also thought that if the district court were to certify the judgment as final, in order to "start Gilbert's 30-day clock again" to preserve his right to appeal, the district court would also have to withdraw and then reenter the June 1992 order, and "any right National Union had to seek an execution of [that] judgment would perforce vanish along with the withdrawal," thereby mooting this appeal. As noted, the premise of this conclusion--that the 30-day period had already expired, even for a "belatedly" entered Rule 54(b) certification--is erroneous. Because that premise is erroneous, we are unsure what to make of the magistrate judge's opinion as to "vanish[ing]" execution rights. Finally, we note that the parties treat the June 1992 order as final, albeit National Union belatedly so.[5]
 
 
 22
 In conclusion, while the June 1992 judgment looks final to us, the fact is that the district court did not issue a Rule 54(b) certification as to that judgment. That determination is not before us, and so we will not disturb it. Absent a Rule 54(b) certification, then, there is no final order here upon which National Union can execute. Therefore, the district court should have quashed National Union's attempt at garnishment.
 
 III
 
 23
 The order of the district court denying Gilbert's motion to quash the garnishment is REVERSED.
 
 
 24
 CONTIE, Senior Circuit Judge, concurring in part and dissenting in part.
 
 
 25
 I concur with the majority that a garnishment may not be executed on a non-final judgment.
 
 
 26
 I do not believe this court has jurisdiction to hear any other issue on this appeal because a prior panel of this court in an order issued on February 4, 1992, dismissed the appeal for lack of jurisdiction because there was no final judgment. The prior panel stated in part that "an order or judgment which does not dispose of all parties or claims is not appealable in the absence of a certification that it is a final judgment," and held that because "there appears to be other claims pending in district court with respect to the third-party complaint," there was no final judgment.
 
 
 27
 Subsequently, the district court, in an order of June 4, 1994, specifically declined to sever the third-party claim against third-party defendant Robert V. Yeo, Jr., pursuant to Rule 54(b). Therefore, to date this case has not been fully litigated in regard to all defendants because the third-party claim against Yeo is still pending. Therefore, there has been no final order upon which execution or garnishment can be made. For this reason, I believe the district court's denials of defendant's motions to quash the garnishment actions initiated by plaintiff must be reversed.
 
 
 28
 I do not believe the issue of the district court's denial of a Rule 54(b) certification is before this court and do not agree with the majority's analysis in this regard. From this portion of the opinion, I respectfully dissent.[1]
 
 
 
 [1]
 In his supplemental brief, Gilbert argues that this court's consolidation of the appeals means that we have assumed jurisdiction over the non-final judgments of the district court. The order in fact indicates nothing of the kind
 
 
 [2]
 See the Orders of this court dated June 14, 1993, and February 8, 1994 (indicating no final judgment below)
 
 
 [3]
 It is well-recognized that in the absence of a final order, this court generally lacks jurisdiction to consider an appeal. McIntyre v. First Nat'l Bank of Cincinnati, 585 F.2d 190, 192 (6th Cir.1978) (per curiam); Moody v. Kapica, 548 F.2d 133 (6th Cir.1976) (per curiam). However, a previous panel of this court determined that the district court's order denying Gilbert's motion to quash garnishment was a "collateral order" over which we had appellate jurisdiction. See Redding, 417 F.2d at 724-26; Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 375, 107 S.Ct. 1177, 1181 (1987)
 
 
 [4]
 If, indeed, the denial of Rule 54(b) certification--itself a non-final order--is appealable at all
 
 
 [5]
 Of course, the parties cannot confer jurisdiction on this court by agreement where jurisdiction otherwise does not exist. Michigan Employment Sec. Comm'n v. Wolverine Radio Co., 930 F.2d 1132, 1137-38 (6th Cir.1991), cert. dismissed, 112 S.Ct. 1605 (1992)
 
 
 [1]
 I believe it should be noted that one reason the magistrate recommended the denial of a Rule 54(b) certification concerned the matter of attorneys' fees. The magistrate concluded that if appellant Gilbert prevailed on the garnishment issue in this appeal, attorneys' fees for the time spent by appellee in response to his appeal of this issue could not be awarded against him