**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 27, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff - Appellee,

v.

JOHN SCOTT CLARK; IMPACT
CASH, LLC, a Utah limited liability
company; IMPACT PAYMENT
SYSTEMS, LLC, a Nevada limited
liability company,

        Defendants.

------------------------------

ARTHUR S. WULF,

        Claimant - Appellant,

v.

GIL A. MILLER,

        Receiver - Appellee.

No. 13-4076
(D.C. No. 1:11-CV-00046-DN-EJF)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **TYMKOVICH**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and **BALDOCK**, Circuit Judge.

This appeal arises out of a civil enforcement action filed by the Securities and Exchange Commission (SEC) against John Scott Clark and two companies he controlled (collectively, Impact). The SEC alleged that Mr. Clark committed offering fraud and operated a Ponzi scheme in violation of federal securities law. In July 2011, the district court authorized the sale of Impact's lending business (2011 Order), and the court-appointed receiver later filed a motion for approval of an asset-distribution plan. Appellant Arthur S. Wulf, an attorney who then represented various claimants including himself, objected to the receiver's motion, arguing, *inter alia*, that the SEC had failed to prove that Impact was a Ponzi scheme and that the 2011 Order was improper. After a hearing, the district court issued a written order in May 2012 (2012 Order), granting the receiver's motion for approval of the distribution plan, overruling Mr. Wulf's objections, and finding that the receiver had "established that . . . Impact was operated as a Ponzi scheme." R., Vol. IX at 200. Mr. Wulf did not file a notice of appeal from either the 2011 Order or the 2012 Order.

In January 2013, the receiver filed an application for approval of interim compensation and expense reimbursement. Mr. Wulf, whose pro hac vice status had by then been revoked, filed an opposition to the application on his own behalf as a

claimant. He again argued that Impact was not a Ponzi scheme and that the sale of Impact was improper. He also asked the court to appoint an independent reviewer to oversee the receiver, to direct the receiver to provide schedules of his costs and fees, and to direct the receiver to wind up the receivership after Impact's purchaser had made its final payment. The district court overruled Mr. Wulf's objections and granted the receiver's application (2013 Order). The court agreed with the receiver that "the elements of a Ponzi scheme have been established" and declined to "revisit this issue." R., Vol. XIII at 141. The court also noted it had already issued an order approving the sale of the business and stated that "all issues regarding the sale are now foreclosed." *Id.*

In May 2013, Mr. Wulf filed a notice of appeal from the "holding" of the 2013 Order "that Impact[]is a Ponzi scheme; and that 'all issues regarding the sale (of Impact) are now foreclosed.'" *Id.* at 377 (Notice of Appeal, quoting 2013 Order). Concerned about whether there was a final, appealable district-court order, we instructed the parties to file briefs on the matter, and they have done so. Having reviewed those submissions and the applicable law, we conclude that we lack jurisdiction.

Although nominally appealing the 2013 Order, Mr. Wulf admits that he is not appealing that order but only the rulings made in the 2011 and 2012 Orders. He further admits that those two orders were ripe for appeal when decided because the 2012 Order determined liability and all proceedings thereafter were ministerial in

- 3 -

nature, but he claims he had to wait until the 2013 Order for the district court to "finalize[] the factual and legal issues" he raised earlier. Aplt. Resp. to Question of Final and Appealable Order at 7. Based on these contentions, Mr. Wulf concludes that this court has jurisdiction, apparently under 28 U.S.C. § 1291, because "'the effect of the district court decision is to resolve all that the parties asked the court to accomplish,'" and "'the parties agree there cannot be—and by court order, there will not be—any further proceedings . . . in the district court as part of the same action.'" *Id.* (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1010-11 (10th Cir. 2000)). He also points out that in June 2012, he filed a motion under Federal Rule of Civil Procedure 54(b), asking the district court to certify its 2012 Order for immediate appeal, but the court has never ruled on that motion or on any of the other motions he filed in an effort to have the court make its 2011 and 2012 Orders final and appealable.

From our perspective, Mr. Wulf is stuck in a no-win situation with regard to the timeliness of his notice of appeal and the finality of the orders at issue. Although the notice of appeal is timely as to the 2013 Order, he states that he is "absolutely . . . not appealing" it. Aplt. Resp. to SEC Br. at 2. We will therefore confine our timeliness analysis to the orders he claims to appeal: the 2011 and 2012 Orders. And as to those orders, the notice of appeal is either untimely or premature.

Assuming, *arguendo*, that the 2011 and 2012 Orders were immediately appealable when they were filed (as collateral orders or otherwise[1]), the sixty-day period for filing a notice of appeal set forth in Federal Rule of Appellate Procedure 4(a)(1)(B)(ii) had long passed. In that scenario, Mr. Wulf's notice of appeal is untimely as to those orders, and we lack jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) (holding that "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement"); *S. Ute Tribe v. Amoco Prod. Co.*, 2 F.3d 1023, 1028-29 (10th Cir. 1993) (explaining that "[a]n appeal under the collateral order doctrine is subject to . . . . Rule 4 of the Federal Rules of Appellate Procedure" (internal quotation marks omitted)). On the other hand, if we assume that the 2011 and 2012 Orders were not immediately appealable, then Mr. Wulf's notice of appeal is premature because the case is still ongoing in the district court—there has been no final judgment from which to file an appeal and no Rule 54(b) judgment as to one or more claims. *See Lewis v. B.F. Goodrich Co.*, 850 F.2d 641, 645 (10th Cir. 1988) (explaining that a premature notice of appeal ripens upon the issuance of a Rule 54(b) certification or a final judgment). The district court's refusal to reconsider its prior

---

[1]      Mr. Wulf has not invoked the collateral order doctrine announced in *Cohen v. Beneficial Indus. Loan. Corp.*, 337 U.S. 541 (1949), and the circuits are split as to whether an order approving a distribution plan in a civil enforcement action is immediately appealable under *Cohen*. *Compare SEC v. Wealth Mgmt. LLC*, 628 F.3d 323, 330 (7th Cir. 2010) (appealable); *SEC v. Basic Energy & Affiliated Res., Inc.*, 273 F.3d 657, 665-67 (6th Cir. 2001) (appealable); *SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 330-31 (5th Cir. 2001) (appealable), *with SEC v. Capital Consultants LLC*, 453 F.3d 1166, 1170-73 (9th Cir. 2006) (not appealable). We need not take a position on this issue today in order to reach our disposition of this appeal.

rulings cannot be treated as a Rule 54(b) certification because "certification under Rule 54(b) is only appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations": "that the order it is certifying is a final order" and "that there is no just reason to delay review of the final order until [the court] has conclusively ruled on all claims presented by the parties to the case." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001). Regardless of whether the statements in the district court's 2013 Order can be read as certifying that the 2011 and 2012 Orders were final, the court never made an express determination that there is no just reason to delay appellate review. Nor has the district court made the similar pronouncement required under 28 U.S.C. § 1292(b) for this court to consider taking jurisdiction over an appeal from an interlocutory order.[2] Indeed, it does not appear that Mr. Wulf ever requested the court to issue a § 1292(b) order.

---

[2]     Section 1292(b), which Mr. Wulf references in his jurisdictional brief, allows a circuit court, in its discretion, to take jurisdiction over an appeal from an interlocutory order when a district judge states in writing that the "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

We also must point out that, contrary to Mr. Wulf's apparent impression, a Rule 54(b) certification is conceptually distinct from, and not applicable to, orders appealable under the collateral-order doctrine. *See, e.g.*, *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenflurammine) Prods. Liability Litig.*, 401 F.3d 143, 165 n.36 (3d Cir. 2005); *Redding & Co. v. Russwine Constr. Corp.*, 417 F.2d 721, 726 n.33 (D.C. Cir. 1969); 10 Charles Alan Wright et al.*, Federal Practice and Procedure* § 2658 (3d ed. 1998). Hence, the district court's refusal to act on his

(continued)

This appeal is dismissed for lack of jurisdiction. Mr. Wulf's motion for sanctions is denied. Having reviewed the parties' submissions in response to our order regarding restricted and sealed volumes of the record transferred by the district court, we order that those volumes shall remain restricted or sealed because their contents are not relevant to our disposition of this appeal. *See Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135-36 (10th Cir. 2011) (stating that to overcome presumption of unsealed records, "the parties must articulate a real and substantial interest that justifies depriving the public of access to the records that inform our decision-making process" (internal quotation marks omitted)).

Entered for the Court


Bobby R. Baldock
Circuit Judge

---

Rule 54(b) motion was no impediment to filing immediate appeals under the collateral-order doctrine and litigating the question of whether the orders were final.